BILL LOCKYER Attorney General MARC J. NOLAN Deputy Attorney General
THE HONORABLE MARSHALL RUDOLPH, COUNTY COUNSEL, COUNTY OF MONO, has requested an opinion on the following questions:
1. May a community services district terminate road maintenance and snow removal services to an existing zone within the district's boundaries, and dissolve the zone created to pay for such services, after the property owners within the zone have rejected a proposed benefit assessment increase that is necessary to cover the district's increased costs in providing the services?
2. Does a community services district have a continuing duty to provide road maintenance and snow removal services to streets and roads that have not been officially accepted into any public road system under its jurisdiction?
 CONCLUSIONS
1. A community services district may terminate road maintenance and snow removal services to an existing zone within the district's boundaries after the property owners within the zone have rejected a proposed benefit assessment increase necessary to cover the district's increased costs in providing such services; the district may also dissolve the zone by following specified statutory procedures.
2. A community services district does not have a continuing duty to provide road maintenance and snow removal services to streets and roads that have not been officially accepted into any public road system under its jurisdiction.
 ANALYSIS
We are informed that a community services district has provided road maintenance and snow removal services to a specific area, or "zone," within the district's boundaries for a number of years. The property owners within the zone have paid for these services through annual benefit assessments. The two questions provided for resolution concern whether the district must continue to provide these services after the property owners within the zone have rejected a proposed assessment increase that is needed to cover the district's increased costs in providing the services.
1. Terminating Services Within a Zone
The Legislature has enacted the Community Services District Law (Gov. Code, §§ 61000-61144; "CSD Law"),[1] providing for the establishment of community services districts having many of the rights, and performing many of the functions, normally regarded as municipal in nature. (See 89 Ops.Cal.Atty.Gen. 44, 45 (2006); 73 Ops.Cal.Atty.Gen. 183, 185 (1990); 67 Ops.Cal.Atty.Gen. 145, 148 (1984).)[2] Among other services, a district may provide road maintenance and snow removal services for its property owners. (§ 61100, subds. (l), (w).)
When a district's board of directors determines that it is in the public interest to provide particular services within a specific area of the district, it may form a "zone" for these purposes by following specified procedures. (§§ 61140, 61141.) Within a given zone, a district may provide any service and exercise any fiscal power that the district may provide or exercise in the district as a whole. (§ 61144, subds. (a), (b).) To raise revenues to meet the costs of operating and maintaining the services within a zone, a district may levy special taxes, benefit assessments, fees, or standby charges. (§§ 61120-61124.)
Here, we are informed that a district has been levying annual benefit assessments to cover the costs of its services within a particular zone of the district. (See §§ 61120, 61122; 70 Ops.Cal.Atty.Gen. 153, 156-157 (1987).) In order to increase such assessments, the district must follow the procedures set forth in article XIII D of the Constitution. Essentially, the Constitution provides that a proposed assessment increase may not exceed the reasonable cost of the services in question and must be approved by the affected property owners. (Cal. Const., art. XIII D, § 4, subds. (a), (e); see § 61122; Richmond v. Shasta CommunityServices Dist. (2004) 32 Cal.4th 409, 418; Ventura GroupVentures, Inc. v. Ventura Port Dist. (2001) 24 Cal.4th 1089,1105-1107; 82 Ops.Cal.Atty.Gen. 35, 35-37 (1999).)
If the property owners within a district refuse to approve an increase in their annual assessments, and the district cannot cover the increased costs of providing its services, must the district continue to provide the services? Section 61040, subdivision (c), states in part: "All members of the board of directors shall exercise their independent judgment on behalf of the interests of the entire district, including the residents, property owners, and the public as a whole in furthering the purposes and intent of" the CSD Law. Districts have the authority to provide a wide variety of services (§ 61100), including the ones at issue here. But while a district "may" maintain and remove snow from streets and roads (§ 61100, subds. (l), (w)), and "may" provide such services to a given zone (§ 61144, subd. (a)), the CSD Law does not require it to do so. The word "may" is permissive rather than mandatory. (See § 14; Montgomery v.Superior Court (1975) 46 Cal.App.3d 657, 666 ["in the construction of the Government Code, the word `may' is permissive only"].)
Thus, a district is not required to provide any particular service to a zone in the first instance, let alone in the circumstances where a zone's property owners have refused to pay for the increased cost of providing the services. Here, terminating the services for a lack of funding would fall within the powers and authority of a board of directors to manage the district's resources in the best interests of the entire district. (See §§ 61001, subd. (c)(3), 61004, 61040, subd. (c), 61060, subd. (n).) Of course, if the district no longer provides the services, it can no longer levy the benefit assessments previously imposed to pay for them.
As for the possible dissolution of the zone in the circumstances presented, section 61142 provides that a district's "board of directors may change the boundaries of a zone or dissolve a zone by following the procedures in Sections 61140 and 61141." While these latter two statutes apply specifically to zone formations, their procedures may be used to dissolve a zone; the board may adopt a resolution describing the proposed dissolution and hold a public hearing on the matter. (§§ 61140, subds. (b), (d), 61141, subd. (a), 61142.)
We conclude that a community services district may terminate road maintenance and snow removal services to an existing zone within the district's boundaries after the property owners within the zone have rejected a proposed benefit assessment increase necessary to cover the district's increased costs in providing the services; the district may also dissolve the zone by following specified statutory procedures.
2. Continuing Duty to Provide Services
The second question presented concerns whether a community services district has a continuing legal duty to provide road maintenance and snow removal services for roads that are either private roads or have become "public roads" through implied dedication and use but that have not been formally conveyed or dedicated to the district or any other public agency. (See 61 Ops.Cal.Atty.Gen. 466, 468-469 (1978).)
Section 831.3 states that a public agency generally does not have a continuing duty to maintain a road that has not been officially accepted into its road system:
 "Neither a public entity nor a public employee is liable for any injury occurring on account of the grading or the performance of other maintenance or repair on or reconstruction or replacement of any road which has not officially been accepted as a part of the road system under the jurisdiction of the public entity if the grading, maintenance, repair, or reconstruction or replacement is performed with reasonable care and leaves the road in no more dangerous or unsafe condition than it was before the work commenced. No act of grading, maintenance, repair, or reconstruction or replacement within the meaning of this section shall be deemed to give rise to any duty of the public entity to continue any grading, maintenance, repair, or reconstruction or replacement on any road not a part of the road system under the public entity's jurisdiction. . . ." (Italics added.)
Accordingly, the public use of roads alone does not confer upon a public entity3 any duty to maintain such roads absent a formal dedication and acceptance of the roads into the public road system. (See 61 Ops.Cal.Atty.Gen, supra, at pp. 468-469 [a county has no duty to maintain roads dedicated to public use unless and until such roads have been accepted into 3A community services district constitutes a "public entity" for purposes of section 831.3. (§ 811.2.) the county road system by resolution of the board of supervisors]; see also Sts. Hy. Code, §§ 941,1806; County of Kern v. Edgemont Dev. Corp. (1963)222 Cal.App.2d 874, 878-879.)
We conclude in answer to the second question that a community services district does not have a continuing duty to provide road maintenance and snow removal services to streets and roads that have not been officially accepted into any public road system under its jurisdiction.
[1] All further references to the Government Code are by section number only.
[2] In 2005, the Legislature repealed the prior statutory scheme (former §§ 61000-61936) and replaced it with the current statutes. (Stats. 2005, ch. 249, §§ 2, 3.) Districts formed under the earlier version of the CSD Law are subject to the current law's provisions. (§ 61003, subd. (a).)